(78 Misc. Rep. 148.)

### POPOVITZ v. UNITED STATES HEALTH & ACCIDENT INS. CO.

(Supreme Court, Appellate Term, First Department. November 8, 1912.)

1. INSURANCE (§ 365*)—CONSTRUCTION OF CONTRACT—TERM AND DURATION OF RISK.

A person holding an accident insurance policy, renewable from month to month by the payment of the monthly premium in advance, and containing a provision that, if payment of any premium should be made after the day on which it was due, no recovery could be had for any accidental injury happening between the day the premium was due and 12 o'clock noon of the day following the date of payment, paid a monthly premium due October 1st on October 11th. On October 12th, about 9 a. m., he sustained injuries resulting almost immediately in death. *Held*, that the case came within the express terms of the provision mentioned, and there could be no recovery.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 932, 933; Dec. Dig. '§ 365.*]

2. INSURANCE (§ 640*)—ACTIONS ON POLICY—PLEADING.

Plaintiff having pleaded the policy and performance of the conditions by insured, which defendant denied, defendant was entitled to rely on the provision in question without specially pleading it; the case not being one of forfeiture of a policy already in existence, but one of a contract of insurance, which had no existence until a time after the injury.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1554, 1609–1612, 1614–1624; Dec. Dig. § 640.*]

Appeal from City Court of New York, Trial Term.

Action by Katie Popovitz against the United States Health & Accident Insurance Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and complaint dismissed.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

George Murray Hulbert, of New York City (William J. Lewis, of New York City, of counsel), for appellant.

Morris Cukor, of New York City, for respondent.

SEABURY, J. The plaintiff, the widow of one Balas Popovitz, brings this action to recover the amount named in the policy of insurance issued by the defendant to her husband. The policy was issued on the 14th day of October, 1909, and by its terms provided that it should expire—

"on the 1st day of November, 1909, at 12 o'clock noon, standard time, at place where countersigned, but may be consecutively renewed from term to term, subject to all of its conditions by the payment of the monthly premium in advance."

The premiums were paid upon this policy according to its terms up to October, 1911. The monthly premium due on October 1, 1911, was not paid until the morning of October 11, 1911. On October 12, 1911, at about 9 a. m., the assured fell in the hallway of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

his home and sustained injuries resulting almost immediately in his death.

[1] The facts recited were undisputed upon the trial, and from them we think it conclusively appears that the plaintiff was not entitled to recover under the terms of the policy upon which she sues. The policy provided as follows:

"The acceptance of any renewal premium shall be optional with the company. If the payment of any premium shall be made after the 1st day of the month on which it was due, neither the assured nor the beneficiary shall be entitled to recover for any accidental injury happening between the 1st day of such month and 12 o'clock noon, standard time, of the day following the date of such delinquent payment, nor for any illness originating before the expiration of 30 days after the date of such delinquent payment, nor shall the acceptance of any past-due premium or premiums be a waiver of the requirement that all renewal premiums be paid in advance on the 1st day of each month. The payment of any past-due premium shall not continue this insurance in force beyond the 1st day of the succeeding month."

The policy of insurance had no existence, except from month to month, upon the payment of the monthly premiums within the time prescribed by the policy. Where the monthly premiums are not paid in the manner provided by the policy, the policy lapses. In the present case, the premium was not paid on the 1st day of the month, and, under the terms of the policy, no recovery could be had for an accidental injury "happening between the 1st day of such month and 12 o'clock noon, standard time, of the day following the date of such delinquent payment." The present case falls precisely within the terms of the provision of the policy quoted above, and this provision prevents the plaintiff's recovery.

[2] The respondent contends that, as this provision of the policy was not pleaded in the answer, the appellant cannot avail itself of it upon appeal. The complaint alleged the existence of the policy and performance by the assured of its conditions. This allegation of the complaint the defendant's answer put in issue. This is not a case, as the respondent contends, where it is sought to forfeit a policy already in existence. It is a case where the rights of the assured under the policy did not accrue until a time specified, and before which time arrived the assured was injured. Until the expiration of the time fixed in the policy, the contract of insurance had no existence, and the assured possessed no rights under it which could be forfeited.

It follows that the judgment should be reversed, with costs, and the complaint dismissed, with costs. All concur.